IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **LINDSEY WAYNE ZWERSCHKE,** individually, | § § § § | |
| *Plaintiff* | § § | |
| **VS.** | § § | No. 3:22-cv-36 |
| | § § | |
| **ANTHONY CHARLES** and **LAUREN CAPUTO** | § § § § § | |
| *Defendants* | § | |

## COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

NOW COME, Plaintiff Lindsey Wayne Zwerschke, (herein referred to individually by "Plaintiff") and presents this the *Plaintiff's Original Complaint*, bringing this action against Galveston County law enforcement officers, Texas City Police Officer Anthony Charles and Dickinson Police Department Officer Lauren Caputo, Individually, complaining that said Defendants, jointly and severally, denied Plaintiff his rights as guaranteed by the Constitution and laws of the United States of America and the State of Texas, and said violations led to his horrific injuries. In support thereof, Plaintiff would respectfully show the following:

## PARTIES

1. Plaintiff, Lindsey Wayne Zwerschke, is an individual residing in Galveston County, Texas, and may receive service electronically by and through Plaintiff's attorney of record, Rachel Messer, signed herein.

*Complaint at Law*                                                                                                               1

2. Defendant, Detective Anthony Charles, (hereinafter referred to as "Defendant Charles" or collectively with individual party defendants as "Defendants"), is a Texas City Police Department, Galveston County, law enforcement officer and may be served with citation at his place of employment at 1004 9th Ave N, Texas City, TX 77590. At all times relevant to this cause, he was operating under color of state law, and was committed within the scope of his employment and authority with the Texas City Police Department.

3. Defendant, Officer Lauren Caputo, (hereinafter referred to as "Defendant Caputo" or collectively with individual party defendants as "Defendants"), is a Dickinson Police Department, Galveston County, law enforcement officer and may be served with citation at her place of employment at 4000 Liggio St, Dickinson, TX 77539. At all times relevant to this cause, she was operating under color of state law, and was committed within the scope of her employment and authority with the Dickinson Police Department.

## JURISDICTION

4. The Court has jurisdiction of this lawsuit under 42 U.S.C. §1983 and 28 U.S.C. §1331, as it arises under the Constitution, laws or treatises of the United States of America.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1391(b), as this is the judicial district in which a substantial portion of the events or omissions giving rise to the claims occurred.

## FACTS COMMON TO ALL COUNTS

6. On or about February 1, 2020, Plaintiff was detained by Defendant Caputo on suspicion of Driving While Intoxicated.

7. On February 2, 2020, Plaintiff was taken to HCA Houston Health Care Mainland for Defendant Caputo to execute a search warrant for a blood draw.

8. Defendant Charles, dressed in his Texas City Police Department uniform, was also working for Defendant HCA Houston Health Care Mainland as security when he performed duties within the scope of his employment, Texas City Police Department, to agency assist Defendant Caputo in the arrest search, transportation, and blood draw of Plaintiff.

9. Plaintiff understood that Officer Caputo was seeking a warrant for blood draw and calmly requested to the hospital phlebotomist and officers that an attorney be present before it had been served.

10. Defendant Charles activated his Texas City, Police Department, issued body camera at this time.

11. Plaintiff in absolutely no way moved in a manner to present a threat to any officer, himself, or others. Defendant Charles's body camera footage shows Plaintiff sitting with his hands in his lap, calm, and that neither the officers nor the hospital phlebotomist reacted in any manner to evidence even a perceived fear for their safety. Without warning or verbal command given to Plaintiff, Defendant Charles suddenly grabbed Plaintiff by the top of his shirt, at his neck, and threw him violently into the floor.

12. The force used upon Plaintiff caused his jaw to break and shattered part of his teeth. The right side of Plaintiff's head hit the floor with such force that it immediately began to swell and he began to lose consciousness. The force to his body knocked the air out of his lungs and he struggled to get to a position to catch his breath as blood pooled into his mouth and onto the floor.

13. Defendant Charles continued to use force and held Plaintiff's right hand and repeatedly punched Plaintiff in the face with a closed fist, telling him to "put his hand behind his back" despite holding it.

14. At this time, Defendant Caputo failed to intervene, either verbally or physically, to stop Defendant Charles's unnecessary and clearly excessive attack on Plaintiff when she had the opportunity to do so.

15. The peaceful scene became chaotic solely by Defendant Charles's violent and unnecessary actions and Defendant Caputo's failure to intervene to stop the assault.

16. Plaintiff struggled to regain consciousness and body camera/video footage recorded his grunting and struggle. Plaintiff was clearly in a confused and disoriented state when commands to place his hands behind his back were made to him. Plaintiff asked Defendant Charles what he meant in response, clearly disoriented. Plaintiff was then placed in handcuffs, while he continued to make disorienting grunting sounds and laid in a prone position with Defendants on top of him.

17. Supervising Officer LA Stephenson, and Officers R. Sbaschnig, R. Parikh, and P. Owens of the Texas City Police Department arrived on scene to assist Defendant Charles. Defendant Charles simply stated to those officers that the Plaintiff "wanted to play stupid" as a reason for his assault and continued to taunt Plaintiff.

18. Officer LA Stephenson explained to Plaintiff that he was not allowed to have a lawyer present and Plaintiff calmly allowed the blood draw without incident.

19. Plaintiff explained to Officer LA Stephenson that he did not do anything to warrant the force used on him when Defendant Charles attacked him. When Plaintiff asked Defendant Charles why he attacked him, he simply stated that there was "a civilian in there

trying to do her job and he was not going to *cut up in here*" as his excuse for breaking Plaintiff's jaw and beating him. No further explanation or cause for force was provided to any one present at that time.

20. Defendant Charles whispered "sorry" to Defendant Caputo that he would "just probably just do a resisting," clearly indicating they knew that no cause existed to use force against Plaintiff, and ultimately Defendant Charles charged Plaintiff with Resisting Arrest and Transportation (Agency Assist) DWI Blood Warrant despite knowing no probable cause existed for this offense.

21. Defendant Charles continued to taunt Plaintiff, telling him to "calm down, it's over" even though Plaintiff was merely sitting silently while being medically evaluated. However, Defendant Charles's efforts to provoke Plaintiff continued to fail, as Plaintiff remained as calm and non-combative as he was the entire incident.

22. Plaintiff contends that requesting an attorney was not cause for force to be used against him.

23. Defendant Charles falsified claims in his reports to support his unnecessary use of force.

24. Defendant Caputo falsified claims in her reports to support Defendant Charles's unnecessary use of force and her failure to intervene when she had an opportunity to do so.

25. The recordings of the incident taken from each officer present fail to support Defendants claims that probable cause existed to arrest Plaintiff for resisting, or that he was combative in any manner.

26. Notwithstanding, no reasonable officer would have used the force Defendant Charles did under these circumstances in order investigate, gain control of a scene, or even make or assist in an arrest or blood draw.

27. Defendant Charles and Defendant Caputo acted intentionally in contradiction of public interest in interfering with Plaintiff's right to personal security and privacy. Defendants knew the force used against Plaintiff was clearly excessive, unreasonable and completely unnecessary in light of the circumstances. Specifically, it was not necessary, and incredibly dangerous to human life, to body slam an unarmed, non-combative suspect into the floor with such force to break his jaw and teeth, and punch his face repeatedly while he is bleeding, disoriented and losing consciousness.

28. Even if Defendant Charles believed Plaintiff's attitude or actions to be combative, the force he used against him was extremely unnecessary, shocking, and excessive; and that force, as well as Officer Caputo's failure to intervene and participation in falsified police reports, has had a lasting physical and traumatic affect on Plaintiff.

29. Plaintiff had to be transported to a different hospital where he had to undergo reconstructive surgery, and has since had additional surgeries, long durations of jaw wiring, and months of painful recovery.

30. Plaintiff filed complaints with both Texas City Police Department and Dickinson Police Department for the excessive force used against him. No disciplinary action has been taken as of the filing of this *Complaint*.

## CLAIMS FOR RELIEF

### COUNT I
### 42 U.S.C.S. § 1983
### Fourth Amendment

31. Plaintiff hereby incorporates paragraphs 1 through 30 as if fully set forth herein.

32. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

33. The state action requirement for standing under 42 U.S.C.S. § 1983 has more commonly been referred to as "color of state law," from the statute itself. When committing said acts and/or omissions, Defendants were acting under color of state law within their employment with Galveston County, Texas, Texas City Police Department and/or Dickinson Police Department.

34. Defendant Charles, at all times relevant hereto, was acting under the color of state law in his capacity as an officer of the Texas City Police Department, and Defendant Caputo, at all times relevant hereto, was acting under the color of state law in her capacity as an officer of the Dickinson Police Department, and their acts or omissions were conducted within the scope of their official duties or employment.

35. Defendants, acting under color of state law, violated Plaintiff's Fourth Amendment rights. The rights, privileges, and immunities secured by the Fourth Amendment of the Constitution, and incorporated and applied to the states through the Fourteenth Amendment, include the right to be free from an unreasonable seizure. These rights were violated when the Defendants used excessive force as described herein. Despite Plaintiff posing no risk of harm to himself or others, Defendant Charles used physical violence sufficient to crush his jaw and break his teeth and Defendant Caputo did not intervene to stop him.

36. Further, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

37. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

38. Defendant Charles and Defendant Caputo's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of the Plaintiff.

39. Defendant Charles unlawfully seized Plaintiff by means of objectively unreasonable, excessive and consciously shocking physical force, thereby unreasonably restraining Plaintiff of his freedom. Defendant Caputo failed to intervene and protect Plaintiff.

40. Defendant Charles and Defendant Caputo engaged in the conduct described by this *Complaint* willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights. They did so with shocking and willful indifference to Plaintiff's rights and the conscious awareness that they would cause him severe physical and emotional injuries.

41. The acts or omissions of Defendant Charles and Defendant Caputo, as described herein, intentionally deprived Plaintiff of his constitutional rights and other damages.

## COUNT II
## 42 U.S.C.S. § 1983
## Fourteenth Amendment

42. The allegations contained in Paragraphs 1 through 30 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

43. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of

> Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

44. The state action requirement for standing under 42 U.S.C.S. § 1983 has more commonly been referred to as "color of state law," from the statute itself. When committing said acts and/or omissions, Defendants were acting under color of state law within their employment with Galveston County, Texas, Texas City Police Department and/or Dickinson Police Department.

45. Defendant Charles, at all times relevant hereto, was acting under the color of state law in his capacity as an officer of the Texas City Police Department, and Defendant Caputo, at all times relevant hereto, was acting under the color of state law in her capacity as an officer of the Dickinson Police Department, and their acts or omissions were conducted within the scope of their official duties or employment.

46. Defendants, acting under color of state law, violated Plaintiff's Fourteenth Amendment rights. At the time of the use of excessive force and his injuries, Plaintiff was not convicted, but was under the control and custody of the Dickinson Police Department and Defendant Caputo. He had been detained and had no right to leave. The rights, privileges, and immunities secured by the Fourteenth Amendment of the Constitution, applying those rights to the states, prohibit excessive force and require them to provide adequate medical care to individuals which are in custody of a governmental entity. This includes the prevention of harm in a custodial setting. The acts, omissions and continued course of conduct set forth above, describing how Plaintiff had been rendered disoriented by jaw breaking force to the ground yet continued to be punched in the face, are reiterated. In this regard the Plaintiff would specifically

allege that these Defendants had subjective knowledge of the serious medical needs of the Plaintiff and the distress he was under and they understood the harm that would come to Plaintiff if they failed to address those needs; yet with this subjective understanding they intentionally continued to use force or fail to intervene to prevent additional force from being used, thus, failing to address those needs indicating that they were acting with deliberate indifference. Defendants' deliberate and systematic denial of such serious and critical medical needs constitutes cruel and unusual punishment in violation of the Fourteenth Amendment of the Constitution of the United States.

§1983—Qualified Good Faith Immunity:

47. Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the officer engaged in the conduct in good faith, there is no liability for that individual. The standard by which an officer's entitlement to good faith qualified immunity is objective, not subjective. The determination of objective reasonableness must be based on a version of the facts most favorable to the Plaintiff. To the extent that credibility or fact questions exist, a fact-finder continues to be necessary.

48. In the instant case, Plaintiff alleges that Defendant Charles and Defendant Caputo are not entitled to claim "qualified good faith immunity." Importantly, the Defendants never had a good faith belief in their conduct because they acted in a manner demonstrating they were plainly incompetent and knowingly violated the civil rights of Plaintiffs.

49. When the pleadings (and/or facts) are taken in the light most favorable to the Plaintiff, it is clear that Plaintiff was unlawfully assaulted when he never posed an immediate threat to the safety to himself nor any persons in the vicinity, and no probable cause existed to arrest Plaintiff for resisting arrest.

## DAMAGES

50. As a proximate result of allegations herein, Plaintiff suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. Further, Plaintiff incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

51. As a direct and proximate result of the acts and omissions outlined above, Plaintiff has been severely damaged. As a result of the facts alleged herein, Plaintiff suffered extreme physical pain, as well as emotional distress and mental anguish and trauma.

52. Plaintiff seeks compensatory damages in an amount deemed sufficient by the trier of fact to compensate him for his damages and for mental anguish, pain, and suffering.

53. Plaintiff also seeks exemplary damages against Defendant Charles.

54. In addition to compensatory, economic, consequential and special damages, the Plaintiff is entitled to punitive damages under 42 U.S.C. § 1983, in that the actions of Defendant Charles and Defendant Caputo were malicious, willful or done with a reckless or wanton disregard of the constitutional rights of the Plaintiff.

## ATTORNEY FEES

55. Plaintiff has retained the services of the undersigned attorney, and claims entitlement to an award of reasonable and necessary attorney's fees under 42 U.S.C. §1983 and 1988.

## JURY DEMAND

56. Plaintiff respectfully requests a trial by jury.

## PRAYER

WHEREFORE, premises considered, Plaintiffs hereby request and pray that Defendants be cited to appear and answer herein and that upon final hearing Plaintiffs have and recover from the Defendants their actual damages, exemplary damages, attorney's fees, prejudgment and post judgment interest as allowed by law, court costs and other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

*[signature: Rachel L. Messer]*

Rachel L. Messer
Cummings & Messer, Attorneys at Law
TXSBN: 24090261
3005 S. Lamar Blvd.| STE D-109 #253
Austin | Texas | 78704
Tel:(512) 596-2915
Fax: (512) 596-2915
Email: Rachel@thetxlawyers.com

Attorney for Plaintiff